IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| OTIS EVANS, Individually, and as Representative of all Similarly Situated Injured Persons, <br><br> Plaintiffs, <br><br> v. <br><br> GE HEALTHCARE, INC.; GE HEALTHCARE AS; BAYER CORPORATION; BAYER HEALTHCARE LLC; BAYER HEALTHCARE PHARMACEUTICALS, INC.; BERLEX LABORATORIES, INC. n/k/a BERLEX, INC.; SCHERING, AG; BAYER AG; BAYER SCHERING PHARMA AG; SHERING BERLIN, INC.; BAYER GESELLSCHAFT FUR BETEILIGUNGEN MBH; BRACCO DIAGNOSTICS, INC.; BRACCO RESEARCH USA, INC.; ALTANA PHARMA AG; NYCOMED INTERNATIONAL MANAGEMENT GMBH; and MALLINCKRODT, INC., <br><br> Defendants. | CIVIL ACTION NO._____ <br><br> JUDGE _____ |

## NOTICE OF REMOVAL OF DEFENDANTS
## BRACCO DIAGNOSTICS, INC. AND BRACCO RESEARCH USA, INC.

Defendants BRACCO DIAGNOSTICS INC. ("BDI") and BRACCO RESEARCH USA INC. ("BRUSAI"), neither of whom has been properly served[1] with process and who reserve all rights to contest insufficiency of service of process, hereby remove this civil action from the District Court of Hidalgo County, 275th Judicial District, Texas, to

---

[1] Although this case was filed on May 22, 2009, plaintiff had not attempted service on BDI or BRUSAI. Additionally, to Defendants BDI and BRUSAI's knowledge, plaintiff has not attempted service on any named defendant. Despite the lack of service, out of an abundance of caution, BDI and BRUSAI remove this case within one year of the filing of this case.

1

the United States District Court for the Southern District of Texas, McAllen Division. As grounds for removal, defendants BDI and BRUSAI, state as follows:

## THE STATE COURT ACTION

1.   On May 22, 2009, plaintiff filed this civil action in the District Court of Hidalgo County, 275th Judicial District, Texas, as Cause No. C-1448-09-E.

2.   Plaintiff's Original Petition asserts claims for strict products liability, negligence, breach of express warranty, breach of implied warranty, negligent misrepresentation, and fraud. These claims arise from plaintiff's alleged "economic damages, losses, and expenses, and non-economic damages including, but not limited to, conscious pain and suffering, physical injury and bodily impairment, and emotional distress, and [plaintiff] will continue to suffer such harm and injury into the future" arising from his alleged exposure to gadolinium-based contrast agents that certain of the defendants allegedly manufactured, marketed or sold. See Original Petition ¶¶ 83, 89, 95, 104, 109, 114, 120, 143.

3.   Among the gadolinium-based contrast agents allegedly at issue are the products ProHance® and MultiHance®, which the Original Petition associates with defendants BDI and BRUSAI, as well as with defendants ALTANA Pharma, AG and Nycomed. Id. at ¶¶ 24-32. A true and correct copy of the Original Petition is attached as Exhibit "A."

4.   This civil action is one of more than 600 similar cases currently pending nationwide involving allegations that gadolinium-based contrast agents caused patients to develop Nephrogenic Systemic Fibrosis ("NSF").

5. By Transfer Order filed on February 27, 2008 (the "Transfer Order"), the Judicial Panel on Multidistrict Litigation (the "JPML") ordered, pursuant to 28 U.S.C. § 1407, the transfer to MDL No. 1909, in the United States District Court for the Northern District of Ohio, twenty cases then pending nationwide involving allegations that gadolinium-based contrast agents caused patients to develop NSF. A true and correct copy of the Transfer Order is attached as Exhibit "B."

6. From March 7, 2008, to March 22, 2010, the JPML has issued forty-five Orders, transferring to MDL No. 1909 an additional 208 cases and conditionally transferring an additional 12 cases — all involving allegations that gadolinium-based contrast agents caused patients to develop NSF. A true and correct copy of Conditional Transfer Order No. 45, which references the transfer of these cases, is attached as Exhibit "C." Currently there are over 500 cases pending in the MDL, including transferred cases and cases filed directly in the MDL.

7. As set forth below, there is complete diversity between plaintiff and all defendants; the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and this Notice of Removal has been filed prior to service of any defendant, and thus meets the requirement that removal be "filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." See 28 U.S.C. § 1446(b).

8. There is a second and independent ground for removal: this civil action is removable under the Class Action Fairness Act because plaintiff purports to bring this

civil action on behalf of a class of similarly situated injured persons. 28 U.S.C. § 1332(d).

## THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND ALL DEFENDANTS

9.  Plaintiff is a citizen of the State of Texas. See Original Petition ¶ 2.

10. Defendant BDI, which has not been served with process, is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of New Jersey. Id. at ¶ 24. BDI is a citizen of both Delaware and New Jersey for purposes of diversity jurisdiction.

11. Defendant BRUSAI, which has not been served with process, is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of New Jersey. Id. at ¶ 26. BRUSAI is a citizen of both Delaware and New Jersey for purposes of diversity jurisdiction.

12. Defendant GE Healthcare, Inc. ("GEHC"), which has not been served with process, is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of New Jersey. Id. at ¶ 3. GEHC is a citizen of both Delaware and New Jersey for purposes of diversity jurisdiction.

13. Defendant GE Healthcare AS, which has not been served with process, is a Norwegian corporation with its principal place of business in the Kingdom of Norway. Id. at ¶ 5. GE Healthcare AS is a foreign citizen for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(a)(2).

14. Defendant Bayer Corporation, which has not been served with process, is a corporation incorporated under the laws of the State of Indiana, with its principal place of business in the Commonwealth of Pennsylvania. Original Petition ¶ 9. Bayer

4

Corporation is a citizen of both Indiana and Pennsylvania for purposes of diversity jurisdiction.

15. Defendant Bayer HealthCare LLC, which has not been served with process, is a Delaware limited liability company whose sole member is defendant Bayer Corporation. See id. at ¶ 11. Because Bayer Corporation is a corporation incorporated under the laws of the State of Indiana with its principal place of business in Pennsylvania, defendant Bayer HealthCare LLC is a citizen of both Indiana and Pennsylvania for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c)(1); Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of an LLC is determined by the citizenship of all of its members....[T]he citizenship of a LLC is determined by the citizenship of all its members.") (citations omitted); McLead v. L-3 Communications Vertex Aerospace, LLC, Civil Action No. C-08-264, 2009 U.S. Dist. LEXIS 10744, *3-*4 (S.D. Texas Feb. 12, 2009).

16. Defendant Bayer HealthCare Pharmaceuticals, Inc. ("BHCP"), formerly known as Berlex, Inc., formerly known as Berlex Laboratories, Inc., which has not been served with process, is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of New Jersey. Original Petition ¶ 12. BHCP is a citizen of both Delaware and New Jersey for purposes of diversity jurisdiction.

17. Defendant Bayer Schering Pharma AG, formerly known as Schering AG, which has not been served with process, is a corporation incorporated under the laws of

5

Germany with its principal place of business in Germany. Id. at ¶¶ 13 & 14. Defendant Bayer Schering Pharma AG is a foreign citizen for purposes of diversity of citizenship jurisdiction. See 28 U.S.C. § 1332(a)(2).

18. Defendant Schering Berlin, Inc., which has not been served with process, is a corporation incorporated under the laws of the State of Delaware with its principal place of business in New Jersey. See Original Petition ¶ 16. Schering Berlin, Inc. is a citizen of both Delaware and New Jersey for purposes of diversity jurisdiction.

19. Defendant Bayer Gesellschaft fur Beteiligungen mBH, which has not been served with process, is a foreign company domiciled in Germany. Id. at ¶ 17. Bayer Gesellschaft fur Beteiligungen mBH is a foreign citizen for purposes of diversity of citizenship jurisdiction. See 28 U.S.C. § 1332(a)(2).

20. Defendant Bayer AG, which has not been served with process, is a corporation incorporated under the laws of Germany with its principal place of business in Germany. See Original Petition at ¶ 20. Bayer AG is a foreign citizen for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(a)(2).

21. According to the Original Petition, defendant ALTANA Pharma AG, which has not been served with process, is a German company with its principal place of business in Germany. Original Petition at ¶ 28. ALTANA Pharma AG is a foreign citizen for purposes of diversity of citizenship jurisdiction. See 28 U.S.C. § 1332(a)(2).

22. According to the Original Petition, defendant Nycomed International Management GmbH, which has not been served with process, is a Swiss company with its principal place of business in Switzerland. Original Petition ¶ 30. Nycomed

International Management GmbH is a foreign citizen for purposes of diversity of citizenship jurisdiction. See 28 U.S.C. § 1332(a)(2).

23. Defendant Mallinckrodt Inc., which has not been served with process, is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Missouri. Original Petition ¶ 33. Mallinckrodt is a citizen of both Delaware and Missouri for purposes of diversity jurisdiction.

## THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL MINIMUM

24. In determining whether the amount in controversy has been satisfied, "[w]here plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 2000); see also Nunez v. Ocwen Loan Servicing, LLC, Civil Action No. C-08-258, 2008 U.S. Dist. LEXIS 78146, at *4 (S.D. Texas Oct. 6, 2008).

25. If the plaintiff has not alleged a sum certain, then the Court must examine the complaint at the time it was filed. Allen, 63 F.3d at 1336; Estate of Taylor v. Conseco Senior Health Ins. Co., Civil Action No. 5:01-CV-243-C, 2001 U.S. Dist. LEXIS 17814, at *5 (N.D. Texas Oct. 31, 2001) ("The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount.").

26. Here, the plaintiff does not allege a sum certain. However, the second amount-in-controversy test is easily satisfied.

27. **First,** as a result of his claimed "serious, progressive, permanent, incurable, and potentially fatal injuries," Original Petition ¶ 75, plaintiff's purported damages include the following:

7

- Conscious pain and suffering.
- Physical injury.
- Bodily impairment.
- Disfigurement and scarring.
- Mental anguish and emotional distress.
- Physical limitations.
- Medical expenses and other economic harm.
- Attorney's fees.
- Punitive damages.

Id. at ¶¶ 75-77, 84.

28. **Second,** plaintiff alleges that he has suffered "economic damages, losses, and expenses . . . and will continue to suffer such harm and injury into the future." Id. at ¶ 89.

29. **Third**, plaintiff seeks punitive damages, alleging that "Defendants' actions and omissions as alleged in this Original Petition demonstrate a flagrant disregard for the safety of persons, such as Plaintiffs, who may be harmed by Defendants' products, thus warranting the imposition of punitive damages." Id. at ¶¶ 84, 90, 97, 105, 121.

30. It is apparent from the face of the Original Petition that plaintiff seeks recovery of an amount in excess of $75,000.00, exclusive of interest and costs, and the amount-in-controversy requirement is satisfied, in view of (a) plaintiff's claimed "serious, progressive, permanent, incurable, and potentially fatal injuries," id. at ¶ 75; (b) plaintiff's claimed medical expenses for medical care and treatment, id. at ¶ 77; (c) plaintiff's

claimed other physical, emotional and economic injuries, id. at ¶¶ 76-77; and (d) plaintiff's demand for punitive damages, id. at ¶¶ 84, 90, 97, 105, 121.

31. In summary, complete diversity of citizenship exists between plaintiff and all defendants, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Accordingly, the district courts of the United States have original jurisdiction of this civil action based on diversity of citizenship, see 28 U.S.C. § 1332, and defendants therefore may remove this civil action to this Court, see 28 U.S.C. § 1441.

## VENUE IS PROPER IN THIS COURT

32. This civil action may be removed to the United States District Court for the Southern District of Texas because this Court is "the district court of the United States for the district and division embracing the place where such action is pending." See 28 U.S.C. §§ 124(b)(2) & 1441(a). As set forth above, however, this action is expected to be subject to coordinated proceedings under the Judicial Panel on Multidistrict Litigation.

## IT IS NOT NECESSARY TO GAIN THE CONSENT AND
## JOINDER OF OTHER DEFENDANTS

33. No defendant has been served with process. Therefore, it is not necessary to gain the consent of any other defendant to this removal. See MOORE'S FEDERAL PRACTICE § 107.11[1][d] (3d ed. 2007) ("Any defendant that was not served with state court process need not join in the notice of removal."); 14C WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3733, at 354-55 (1998) ("if there are unserved defendants who are not joining in the notice of removal, their absence should be explained in the removal papers"); Shaffer v. Northwestern Mut. Life Ins. Co., 394 F.

Supp. 2d 814, 819 (N.D. W.Va. 2005) ("a co-defendant is not required to join or consent if it has not been served with the initial pleadings at the time the notice of removal is filed"); Inman Construction Corp. v. S. Pilot Ins. Co., Civil Action No. 4:06-CV-169-P-B, 2007 U.S. Dist. LEXIS 41239, at *3-*4 (N.D. Miss. June 5, 2007); Moody v. Commercial Ins. Co., 753 F. Supp. 198, 200 (N.D. Texas 1990).[2]

## THIS ACTION IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT, EVEN THOUGH NO CLASS HAS BEEN CERTIFIED

34. Plaintiff purportedly brings this civil action on behalf of a class of similarly situated injured persons. Original Petition ¶ 36. While plaintiff does not know exactly how many individuals may be members of the class, he estimates it "to be several hundred." Id. at ¶ 37.

35. Federal district courts have original jurisdiction over large class actions with minimal diversity of citizenship under the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1332(d). Minimal diversity requires only that any member of the class of plaintiffs be a citizen of a different state from any defendant. 28 U.S.C. § 1332(d)(2)(A).

36. As established in paragraphs 9 to 23, there is complete diversity of citizenship in this civil action. The plaintiff is a citizen of Texas, while no defendant is a citizen of Texas. Consequently, the "minimal diversity" requirement in CAFA is satisfied here.

37. The CAFA applies only to large class actions where the alleged class has 100 or more members. 28 U.S.C. § 1332(d)(5)(B). Plaintiff does not allege a definite number of class members, but estimates the alleged number "to be several hundred."

---

[2] Because this is a class action, the consent of the unserved defendants is not required in any event. See 28 U.S.C. § 1453(b) ("such action may be removed by any defendant without the consent of all defendants").

Original Petition ¶ 37. Thus, this purported class action clearly satisfies the numerosity requirement of CAFA.

38. Under CAFA, the amount in controversy must exceed $5,000,000 for a federal district court to have original jurisdiction. 28 U.S.C. § 1332(d)(2). For purposes of this requirement, the claims of all members of the class may be aggregated. 28 U.S.C. § 1332(d)(6).

39. While plaintiff does not allege a sum certain, his claims and the claims of every other member of the putative class include "serious, progressive, permanent, incurable, and potentially fatal injuries," Original Petition ¶ 75, including conscious pain and suffering, physical injury, bodily impairment, disfigurement and scarring, mental anguish and emotional distress, physical limitations, medical expenses and other economic harm, attorney's fees, and punitive damages. Id. at ¶¶ 75-77. Thus, it is apparent from the face of the Original Petition that the class members seek recovery of an amount in excess of $5,000,000.00, exclusive of interest and costs, and the amount-in-controversy requirement of CAFA is satisfied, in view of (a) the claimed "serious, progressive, permanent, incurable, and potentially fatal injuries" of plaintiff and all other putative class members, id. at ¶ 75; (b) the claimed medical expenses for medical care and treatment of plaintiff and all other putative class members, id. at ¶ 77; (c) the claimed other physical, emotional and economic injuries of plaintiff and all other putative class members, id. at ¶¶ 76-77; and (d) the demand for punitive damages of plaintiff and all other putative class members, id. at ¶¶ 84, 90, 97, 105, 121.

40. In order to be removable under CAFA, a class need not have been certified. See Clausnitzer v. Federal Exp. Corp., 621 F. Supp. 2d 1266, 1270 (S.D. Fla.

11

2008) ("However, neither a 'class action' nor 'members of a class' are likely to exist at the time a case is filed or removed. . . . Instead, the statute requires there to be class allegations, the propriety of which will later be evaluated by the court through the certification process."). Thus, it does not matter that no class has been certified at this stage of the litigation, only that plaintiff has made class allegations. As already established, plaintiff has made such allegations. Original Petition ¶ 36.

41. In summary, federal district courts have original jurisdiction over this action because this is a purported class action with 100 or more purported class members, the amount in controversy is more than $5,000,000.00, and at least one member of the putative class of plaintiffs is a citizen of a state different from any defendant. Thus, this civil action is removable. 28 U.S.C. § 1453(b).

## DEFENDANTS BRACCO DIAGNOSTICS INC., AND BRACCO RESEARCH USA INC., SEEK ADDITIONAL DISCOVERY, BRIEFING AND ARGUMENT, IF NECESSARY

42. If any question arises as to the propriety of this removal, defendants BDI and BRUSAI request the opportunity to conduct discovery or brief any disputed issues and to present oral argument in support of their position that this civil action is properly removable.

## NON-WAIVER OF DEFENSES

43. Nothing in this Notice of Removal or related documents shall be interpreted as a waiver or relinquishment of the rights of defendants BDI and BRUSAI to assert any defense or affirmative matter in this civil action, including without limitation the defenses of insufficiency of process and insufficiency of service of process.

## COPIES OF ALL PROCESS, PLEADINGS, AND ORDERS ARE ATTACHED

44. Pursuant to Local Rule 81 and as required by 28 U.S.C. § 1446(a), attached are the following documents: (a) all executed process in the case (none); (b) pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings (Exhibit "A"); (c) the state court docket sheet (Exhibit "D"); (d) the state court notification of removal (Exhibit "E"); (e) an index of matters being filed (Exhibit "F"); and (f) a list of all counsel of record, including addresses, telephone numbers and parties represented (Exhibit "G").

## NOTICE HAS BEEN GIVEN

45. Contemporaneous with the filing of this Notice of Removal, Notice of Filing Notice of Removal has been served upon plaintiff, through his counsel of record; and a copy of this Notice of Removal has been filed with the District Court of Hidalgo County, 275th Judicial District, Texas, as provided by 28 U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal filed with the District Court of Hidalgo County, 275th Judicial District, Texas, is attached as Exhibit "E."

**WHEREFORE**, defendants Bracco Diagnostics Inc., and Bracco Research USA Inc., hereby remove this civil action to this Court.

Respectfully Submitted,

BALL AND WEED, PC

_____
Cynthia Day Grimes
Attorney-In-Charge
State Bar No. 11436600
Southern District Bar No. 22371
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Phone: 210-731-6308

Fax: 210-785-2908
Email: cdg@ballandweed.com

**ATTORNEYS FOR DEFENDANT
BRACCO RESEARCH USA INC.**

-and-

Of Counsel:

| | |
|---|---|
| Thomas N. Sterchi | MO #21508 |
| Patrick Lysaught | MO #25362 |
| Thomas S. Stewart | MO #41847 |
| Elizabeth McCulley | MO #53101 |

BAKER STERCHI COWDEN & RICE, L.L.C.
2400 Pershing Road, Suite 500
Kansas City, Missouri 64108
Telephone: (816) 471-2121
Facsimile: (816) 472-0288

**ATTORNEYS FOR DEFENDANT
BRACCO RESEARCH USA INC.**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been sent to the parties listed below by 1st class mail and/or ECF System, as listed below on this ___19___ day of May, 2010.

Jason A. Itkin
Cory D. Itkin
Arnold & Itkin, LLP
1401 McKinney Street, Suite 2550
Houston, Texas 77010
*Attorneys for Plaintiff*

_____
CYNTHIA DAY GRIMES